## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Seven Oaks Millwork, Inc. | ) | |
| (dba Royal Corinthian) | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-6234 |
| vs. | ) | |
| | ) | |
| Royal Foam US, LLC, | ) | |
| Green Wall Construction, LLC, and | ) | |
| Valentyn Kulbaka | ) | |
| | ) | |
| | ) | JURY TRIAL DEMAND |
| Defendants. | ) | |
| | ) | |

### COMPLAINT

Plaintiff Seven Oaks Millwork, Inc. (dba Royal Corinthian) ("Royal Corinthian")

complains of Defendants Royal Foam US, LLC, Green Wall Construction, LLC, and Valentyn

Kulbaka (collectively "Defendants"), as follows:

1.      This is a claim for direct, vicarious and contributory copyright infringement of

registered U.S. copyrights under 17 U.S.C. § 501 *et seq.*, including 17 U.S.C. § 106, and false

designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

### The Parties

2.      Plaintiff Seven Oaks Millwork, Inc. (dba Royal Corinthian), which acquired the assets

of the dissolved entity Royal Corinthian, Inc., including all of Royal Corinthian, Inc.'s copyright

assets, through a valid and written bill of sale dated June 14, 2017, is an Illinois corporation with

its principle place of business located at 603 Fenton Lane, West Chicago, IL 60185 (*see* Ex. 1).

3.      Defendant Royal Foam US, LLC is a Florida limited liability company with its principle

place of business located at 9745 Touchton Rd., Unit 3102, Jacksonville, FL 32246 (*see* Ex. 2).

4.     Defendant Green Wall Construction, LLC is a Florida limited liability company with its principle place of business located at 4225 James E. Casey Dr., Unit #5, Jacksonville, FL 32219 (*see* Ex. 2).  Green Wall Construction, LLC is identified on Royal Foam US, LLC's website (*see* http://www.royalfoam.us/contact_us/ and http://www.royalfoam.us/anketa/) as the "exclusive Distributor" for Royal Foam US, LLC products and services (*see* Ex. 3).

5.     Defendant Valentyn Kulbaka is an individual domiciled in Florida who manages and controls Defendants Royal Foam US, LLC and Green Wall Construction, LLC (*see* Ex. 2). Valentyn Kulbaka's address is 9745 Touchton Rd., Unit 3102, Jacksonville, FL 32246.

## **Jurisdiction and Venue**

6.     This Court has original jurisdiction over Counts I-IV of this action pursuant to 28 U.S.C. § 1331 because they arise under 17 U.S.C. § 501 *et seq.*, including 17 U.S.C. § 106, and Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

7.     This Court has personal jurisdiction over the Defendants, as each has been, and continues to be, engaged in direct, vicarious and contributory infringement of registered copyrights that is directed at and/or causes damage to Royal Corinthian, an entity that is residing in the Northern District of Illinois, and Defendants are residing in, located in, or doing business in the Northern District of Illinois, as well as throughout the United States.  Upon information and belief, Defendants conduct business within the Northern District of Illinois, including business concerning the at-issue balustrades[1] products, and continuously market to a targeted national audience, including persons residing within the Northern District of Illinois, through Defendants' interactive marketing websites and national reseller network.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2), primarily

---

[1]     A balustrade is a row of columns topped by a rail, and a baluster is the spindle portion of the whole balustrade.

because the Northern District of Illinois is where a substantial part of the events or omissions giving rise to this claim occurred, or a substantial part of the property that is the subject of the action is situated.

**Ownership and Description of Royal Corinthian's Infringed Copyrighted Work**

9.      Royal Corinthian is the owner of the valid U.S. Copyright Reg. No. VA0001924546 (Titled: Royal Corinthian Inc. 2003 Products Catalog (the "©RC 2003 Catalog"); Registration Date: 04/09/2014; Type of Work: Visual Material; Date of Creation: 2003; and Date of Publication: 04/15/2013[2]) (*see* Ex. 4).  The last page of the ©RC 2003 Catalog states, "© Royal Corinthian, Inc.," which alerts any viewer of the ©RC 2003 Catalog of the fact that the ©RC 2003 Catalog is a copyrighted, original work that is owned by Royal Corinthian (*see* Ex. 5, at p. 20).

10.     Royal Corinthian, or the dissolved entity Royal Corinthian, Inc., have never permitted the use or copying of the whole, copyrighted ©RC 2003 Catalog, or any portion of the copyrighted ©RC 2003 Catalog, by any of the Defendants.

11.     The copyrighted ©RC 2003 Catalog is an original work created by Royal Corinthian, Inc. in 2003, in conjunction with C & A Marketing (490 W Wrightwood Ave, Elmhurst, IL 60126; Phone: (630) 279-3100), that generally consists of the following: 1) original, digital graphic images depicting Royal Corinthian's products alongside corresponding product specifications and architectural drawings showing dimensions – specifically for Royal Corinthian's columns, rails, newel posts, finishings, and balustrades, including the balusters (*see* Ex. 5); 2) original,

---

[2]      Royal Corinthian's original U.S. Copyright Reg. No. VA0001924546 was supplemented by the valid U.S. Copyright Reg. No. VA0001434594 (Titled: Royal Corinthian Inc. 2003 Products Catalog; Registration Date: 11/20/14; Type of Work: Visual Material; Owner: Royal Corinthian) to only amend the incorrect publication date disclosed in U.S. Copyright Reg. No. VA0001924546, being 04/15/2013, to the correct publication date, which is 04/15/2003.

explanatory text regarding Royal Corinthian's products (*id.*); and 3) original images of Royal Corinthian's products being used in the marketplace (*id.*).

12.     The copyrighted ©RC 2003 Catalog is an advertisement brochure that has been publically distributed in print, and has also been publically available on Royal Corinthian's website (*see* Ex. 11, http://www.royalcorinthian.com/, Royal Corinthian's archived website showing the publically available ©RC 2003 Catalog).  Through the original, digital graphic images depicting Royal Corinthian's products, the ©RC 2003 Catalog is intended to attract business and inform Royal Corinthian's prospective customers about the different design options, specifications and dimensions for Royal Corinthian's columns, rails, newel posts, finishings, and balustrades, including the balusters, without the prospective customer having to view the physical samples these products.  Royal Corinthian, Inc. expended considerable time and resources to develop the original, digital graphic images of Royal Corinthian products, including, but not limited to the images of the Royal Corinthian's balusters, in the copyrighted ©RC 2003 Catalog (*see* Ex. 5, at pp.8-15).

13.     Notably, Pages 8-15 of the copyrighted ©RC 2003 Catalog contain original, digital graphic images that show a prospective customer in a clear and detailed visual media the design options of the different models of Royal Corinthian balusters (*see* Ex. 5, at pp.8-15).  Additionally, these original, digital graphic images of the Royal Corinthian balusters match the scale of corresponding architectural design drawings to inform a prospective customer of the dimensions of the different models of Royal Corinthian balusters (*id.*).  These original, digital graphic images of Royal Corinthian balusters in the ©RC 2003 Catalog are a valuable marketing tool for Royal Corinthian because the images allow a prospective customer to make a decision as to which

balusters design option they would like to purchase, without having to view physical samples of the Royal Corinthian balusters.

### Infringement of Royal Corinthian's Copyrighted ©RC 2003 Catalog

14. In June 2019, Royal Corinthian discovered that Defendants knowingly copied some of the original, digital graphic images of the Royal Corinthian balusters from the copyrighted ©RC 2003 Catalog (*see* Ex. 5, at pp.10-11, 14-15 (the infringed, original images are circled for emphasis)).  Defendants knowingly incorporated these original, publically available, digital graphic images of the Royal Corinthian balusters by individually selecting and "copying and pasting" these images into Defendants' derivative work, titled "Balustrade. Residential," which is an advertisement showing the design of various models of Defendants' balusters (*see* Ex. 6, the "Derivative Work," at pp.1, 4, 6-8).  Some of the images of the Defendants' balusters that appear in the infringing Derivative Work (*id.*) are exact copies of some of the original, digital graphic images of the infringed Royal Corinthian balusters that appear in the copyrighted ©RC 2003 Catalog (*see* Ex. 5, at pp.10-11, 14-15).  The Derivative Work does not reference or acknowledge any Royal Corinthian copyright right.  Royal Foam US, LLC, its "exclusive Distributor" Green Wall Construction, LLC (*see* Ex. 6, at pp.9-12), and the manager of both of these entities, Valentyn Kulbaka (*see* Ex. 2), have all acted together to knowingly infringe the copyrighted ©RC 2003 Catalog through their creation of the Derivative Work.

15. Sometime between June 17, 2019 and June 30, 2019, Andy Savenok (president of Royal Corinthian) and a representative of Defendants, being "Jenelle" (Jacksonville, FL; Phone: (904) 345-5400; Email: Jenelle@royalfoam.us), corresponded by telephone where Mr. Savenok requested that Defendants immediately cease all impermissible use of Royal Corinthian's publically available images, including the copyrighted ©RC 2003 Catalog.  Defendants admitted

in this telephone call that Defendants were impermissibly using Royal Corinthian's publically available images. On June 30, 2019, Mr. Savenok emailed Defendants to demand that Defendants immediately cease their impermissible use of Royal Corinthian's publically available images and copyrighted materials, including the ©RC 2003 Catalog (*see* Ex. 10, 6/30/19 Savenok email). In this email, Mr. Savenok specifically demanded that Defendants immediately cease their knowing and intentional infringement of the Royal Corinthian balusters images used in the copyrighted ©RC 2003 Catalog through Defendants' use and publication of the Derivative Work. (*see id.*, 6/30/19 Savenok email states, "[y]our (Defendants') employee admitted that the photos were taken from the internet without permission"; *see also id.*, 6/30/19 Savenok email attachment that specifically identifies the infringed Royal Corinthian balusters images impermissibly used in the Derivative Work). Defendants did not respond to or refute Mr. Savenok's June 30, 2019 email (*id.*) Defendants have continued to refuse to remove the original, digital graphic images of the Royal Corinthian balusters from the copyrighted ©RC 2003 Catalog (*see* Ex. 5, at pp.10-11, 14-15) that are used in the infringing Derivative Work (*see* Ex. 6, at pp.1, 4, 6-8), despite being requested to do so by Royal Corinthian. Royal Foam US, LLC, its "exclusive Distributor" Green Wall Construction, LLC (*see* Ex. 6, at pp.9-12), and the manager of both of these entities, Valentyn Kulbaka (*see* Ex. 2), know, or should know, of Royal Corinthian's demand that Defendants cease infringement of the copyrighted ©RC 2003 Catalog.

16.     The infringing Derivative Work is publically available on Defendants' website (*see* http://www.royalfoam.us/prod_build/Balustrades/; *see also* Ex. 6, at pp.1, 4, 6-8), as well as Defendants' 2016 online products catalog (*see* http://www.royalfoam.us/catalog2016/mobile/index.html#p=82; *see also* Ex. 6, at pp.6-8), and can be viewed by prospective customers, including prospective customers in the Northern District of

6

Illinois, of both Royal Corinthian and Defendants. Royal Corinthian and Defendants are direct competitors in the U.S. balustrades industry, and online advertising, such as the copyrighted ©RC 2003 Catalog and the infringing Derivative Work, is a primary method for both Royal Corinthian and Defendants to attract prospective customers, and retain existing customers, who are interested in purchasing balustrades, including balusters.

17.     The following is a list of the original, digital graphic images of the Royal Corinthian balusters from the copyrighted ©RC 2003 Catalog that are infringed and copied into the infringing Derivative Work by Defendants (*see* Ex. 7, annotated versions of the ©RC 2003 Catalog and the Derivative Work to demonstrate copying):

a)   Royal Corinthian's original Port Helena (Item No. 0236) baluster image appears at infringing Derivative Work image B19;

b)   Royal Corinthian's original Port Royal-24 (Item No. 0210) baluster image appears at infringing Derivative Work image B04;

c)   Royal Corinthian's original Royal Gothic (Item No. 0235) baluster image appears at infringing Derivative Work image B32;

d)   Royal Corinthian's original Ancient Gothic (Item No. 0236) baluster image appears at infringing Derivative Work image B31;

e)   Royal Corinthian's original Port Royal-35 (Item No. 0210-35) baluster image appears at infringing Derivative Work image B08;

f)   Royal Corinthian's original Port Royal-26 (Item No. 0210-26) baluster image appears at infringing Derivative Work image B07;

g)   Royal Corinthian's original Royal Greek (Item No. 0211) baluster image appears at infringing Derivative Work image B15;

7

h)  Royal Corinthian's original Royal Colonial (Item No. 0219) baluster image appears at infringing Derivative Work image B12;

i)  Royal Corinthian's original Port Royal-19 (Item No. 0210-19) baluster image appears at infringing Derivative Work image B16;

j)  Royal Corinthian's original Classic Port Royal (Item No. 0212) baluster image appears at infringing Derivative Work image B05;

k)  Royal Corinthian's original Port Royal Slim (Item No. 0210-31) baluster image appears at infringing Derivative Work image B06;

l)  Royal Corinthian's original Port Royal-15 (Item No. 0210-15) baluster image appears at infringing Derivative Work image B20;

m)  Royal Corinthian's original Royal Monarch (Item No. 0209) baluster image appears at infringing Derivative Work image B21;

n)  Royal Corinthian's original Historic Colonial (Item No. 0240) baluster image appears at infringing Derivative Work image B13;

o)  Royal Corinthian's original Royal Porch (Item No. 0121) baluster image appears at infringing Derivative Work image B09; and

p)  Royal Corinthian's original Crowne Terrace (Item No. 0215) baluster image appears at infringing Derivative Work image B27.

**The Derivative Work Is Spread to a National Customer Base Through Defendants'**
**Interactive Website and National Network of Distributors**

18.     Defendants maintain an interactive, nationally accessible website (*see* http://www.royalfoam.us/; *see also* Ex. 6), which targets and invites prospective customers of Defendants' products and services, including customers residing in the Northern District of Illinois, to generally do the following: 1) view the infringing Derivative Work (*id.* at pp.1, 4, 6-8);

2) communicate directly with Defendants through online correspondence with "Royal Foam, exclusive Distributor Green Wall Construction LLC" regarding Defendants' products and services, including balusters (*id.* at pp.9-10); 3) view gallery images of what are allegedly Defendants' products being used in the marketplace (*id.* at pp.13-14); 4) request a quote directly from Defendants through online correspondence with "Royal Foam, exclusive Distributor Green Wall Construction LLC" (*id.* at pp.11-12); 5) follow Defendants on the interactive, nationally accessible, social media online sites of Facebook (*see* https://www.facebook.com/RoyalFoamInc/) and Twitter (@royalfoamcorp) (*id.* at pp.17-20); 6) stay up-to-date on news regarding Defendants, such as trade show events and Defendants' products expositions (*id.* at pp.21-22); 7) enter a contest for prizes if the prospective customer communicates through Defendants' website their contact information, and work order details (*id.* at pp.23-26); 8) create an account through Defendants' website, track orders, and check the status of an order (*id.* at p.2); and 9) live chat with Defendants' employees through Defendants' interactive website (*id.* at p.15). Royal Foam US, LLC, its "exclusive Distributor" Green Wall Construction, LLC (*see* Ex. 6, at pp.9-12), and the manager of both of these entities, Valentyn Kulbaka (*see* Ex. 2), have all acted together to knowingly infringe the copyrighted ©RC 2003 Catalog through their widespread, national dissemination of the infringing Derivative Work through Defendants' interactive website.

19.     Defendants' interactive, nationally accessible website also targets, invites and recruits a national base of third-party "Resellers," and does not exclude Resellers that reside in the Northern District of Illinois, for Defendants' products and services, including balusters, to be sold at wholesale or distributor prices (*see* Ex. 6, at pp.27-28). Prospective Resellers are invited to communicate their contact and general business information to Defendants through Defendants' interactive website to determine if the Reseller is an acceptable addition to Defendants' "Dealer

Network" (*id.*).  If a Reseller is approved to enter the Defendants' Dealer Network, the Reseller is provided with Defendants' advertising materials for distribution to prospective customers (*id.*), which presumably includes the infringing Derivative Work.  Defendants encourage and request the distribution of its marketing materials, which presumably include the Derivative Work, by Defendants' national network of Resellers (*id.*), and Defendants do not exercise their right to stop or limit this distribution, despite being the creator and proprietor of the infringing Derivative Work, and knowing that the Derivative Work infringes the ©RC 2003 Catalog.  Defendants have, and continue to, profit from the distribution of its marketing materials, which presumably include the Derivative Work, by Defendants' national network of Resellers.  Royal Foam US, LLC, its "exclusive Distributor" Green Wall Construction, LLC (*see* Ex. 6, at pp.9-12), and the manager of both of these entities, Valentyn Kulbaka (*see* Ex. 2), have all acted together to willfully encourage and induce vivacious and contributory infringement of the copyrighted ©RC 2003 Catalog through the distribution of the Derivative Work to prospective customers through Defendants' Resellers Dealer Network.

20.    Defendants' national advertising through means such as their interactive website, national Reseller Dealer Network and distribution of advertising materials, including the infringing Derivative Work, has resulted in at least one sale of Defendants' balusters to customers in the Northern District of Illinois (*see* Ex. 8, image from Defendants' interactive website gallery depicting Defendants' balusters in the gallery webpage for the "Wedding of Kristen and Andy, Chicago, IL" (circled for emphasis)).  Defendants' interactive website gallery also shows a sign made by Defendants for Cherry Hills Properties, LLC (11 S Cherry Hills, Edwardsville, IL 62025) (*id.*).  Defendants' Shipping Policies, found on Defendants' interactive website, allow for residents of the Northern District of Illinois to purchase and receive Defendants' products (*see* Ex. 6, at

pp.29-30). Royal Foam US, LLC, its "exclusive Distributor" Green Wall Construction, LLC (*see* Ex. 6, at pp.9-12), and the manager of both of these entities, Valentyn Kulbaka (*see* Ex. 2), have knowledge, or should have knowledge, of these sales to the Northern District of Illinois.

**Royal Corinthian Has Been, and Will Continue to Be, Damaged
By Defendants' Infringing Derivative Work**

21.     Royal Corinthian, Inc. expended considerable time and resources to develop the original, digital graphic images of Royal Corinthian's products, including, but not limited to the images of the Royal Corinthian balusters, in the copyrighted ©RC 2003 Catalog (*see* Ex. 5, at pp.8-15) because in Royal Corinthian and Defendants' shared marketplace, online advertising and product brochures are important tools for attracting and retaining customers. Defendants' advertising to prospective customers through the infringing Derivative Work, that impermissibly uses the original balusters images from the copyrighted ©RC 2003 Catalog, is purposeful and intentional interference with future third-party business that Defendants know Royal Corinthian would reasonably expect to obtain. Defendants' use of the infringing Derivative Work to actively recruit customers away from Royal Corinthian has damaged, and will continue to substantially and irreparably damage, Royal Corinthian in the form of lost business relationships.

22.     Since the Royal Corinthian balusters used in the copyrighted ©RC 2003 Catalog (*see* Ex. 5, at pp.8-15) also appear in the infringing Derivative Work, this causes damage to Royal Corinthian in the form of confusion in the marketplace as to the accurate origin of the copyrighted balusters images from the ©RC 2003 Catalog. Defendants have simply repackaged the copyrighted balusters images from the ©RC 2003 Catalog to fit the template of Defendants' Derivative Work, which passes off the infringed Royal Corinthian images as Defendants' in the marketplace by falsely advertising the origin of the copyrighted balusters images. The presence of the infringing Derivative Work on Defendants' interactive website (*see* Ex. 6, at pp.1, 4, 6-8)

falsely advertises that the infringed balusters images from the ©RC 2003 Catalog, which are copied and repackaged into in the infringing Derivative Work, originate from Defendants, as opposed to the true origin, being Royal Corinthian, which causes damaging consumer confusion. The balusters images from the ©RC 2003 Catalog are designed to be helpful to prospective consumers, so Defendants benefit, in the form of customer good will, when they repackage the images into the Derivative Work, which falsifies the origin of these copyrighted images as being from the Defendants.

23.     Given that the same balusters images from the copyrighted ©RC 2003 Catalog are repackaged into the infringing Derivative Work, it also seems that Defendants are making a conscious marketing decision to falsely suggest to consumers that there is an existing business relationship between Defendants and Royal Corinthian, so that Defendants can trade off of Royal Corinthian's good reputation in the marketplace, which irreparably damages Royal Corinthian.

24.     Defendants' direct, vicarious and contributory infringement of the copyrighted ©RC 2003 Catalog, has, and will continue to, cause Royal Corinthian injury that is economic and non-economic in nature and includes, but is not limited to: diversion of business; confusion; dilution of distinctive and valuable copyrights; loss of revenue; and other such related injury and damage. Additionally, Royal Corinthian has learned that Defendants are also impermissibly using on Defendants' interactive website images taken by Royal Corinthian of Royal Corinthian's products being used in the marketplace, to unfairly and falsely represent to consumers that the work and products in the images are that of Defendants (*see e.g.*, Ex. 9, Royal Corinthian images of its projects and products in the marketplace that are being impermissibly used on Defendants' interactive website, despite being requested not to do so (*see* Ex. 10)), which shows that Defendants have, and will likely continue to, infringe Royal Corinthian's property.  The frequency

of Defendants' copying also shows that Royal Foam US, LLC, its "exclusive Distributor" Green Wall Construction, LLC (*see* Ex. 6, at pp.9-12), and the manager of both of these entities, Valentyn Kulbaka (*see* Ex. 2) are intentionally and knowingly infringing Royal Corinthian's property, including the copyrighted ©RC 2003 Catalog.

### COUNT I
**Against Defendants Royal Foam US, LLC, Green Wall Construction, LLC, and the individual Valentyn Kulbaka
DIRECT COPYRIGHT INFRINGEMENT
(17 U.S.C. §501 et seq., including 17 U.S.C. § 106)**

25.      Royal Corinthian incorporates all prior allegations as set forth in Paragraphs 1 through 24 to show Defendants' direct copyright infringement of registered U.S. copyrights under 17 U.S.C. § 501 *et seq.*, including 17 U.S.C. § 106.

26.      Royal Corinthian is the owner of the valid U.S. Copyright Reg. Nos. VA0001924546 and VA0001924546, which constitute the copyrights for the ©RC 2003 Catalog, which is Royal Corinthian's original work.

27.      Royal Corinthian, or the dissolved entity Royal Corinthian, Inc., has never permitted the use or copying of the whole, copyrighted ©RC 2003 Catalog, or any portion of the copyrighted ©RC 2003 Catalog, by any of the Defendants.

28.      Defendants knowingly, willfully and impermissibly infringed Royal Corinthian's copyrights when Defendants copied the original, publically available, digital graphic images of the Royal Corinthian balusters shown in the ©RC 2003 Catalog by individually selecting and "copying and pasting" these images into Defendants' infringing Derivative Work.

29.      Defendants have widely disseminated the infringing Derivative Work to prospective

customers of both Defendants and Royal Corinthian through Defendants' nationally accessible, interactive website and Defendants' national network of Resellers, in an effort to unfairly attract business away from Royal Corinthian.

30.     Defendants' actions are willful and deliberate, as Defendants continue to intentionally infringe Royal Corinthian's copyrights, even after being advised of their infringement by Royal Corinthian.  Defendants' wrongful acts will continue unless enjoined by this Court.

31.     Royal Corinthian has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendants' infringement of its copyrights, in an amount to be determined at trial.

32.     Due to Defendants' knowing and intentional infringement of Royal Corinthian's copyrights, Defendants are liable for monetary damages under 17 U.S.C. § 504.

**<u>COUNT II</u>**
**Against Defendants Royal Foam US, LLC, Green Wall Construction, LLC, and the individual Valentyn Kulbaka**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

33.     Royal Corinthian incorporates all prior allegations as set forth in Paragraphs 1 through 24 to show Defendants' false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

34.     The Royal Corinthian balusters used in the copyrighted ©RC 2003 Catalog also are repackaged into the infringing Derivative Work, due to Defendants' intentional and willful infringement, which causes confusion in the marketplace as to the accurate origin of the copyrighted balusters images from the ©RC 2003 Catalog.

35.     The presence of the infringing Derivative Work on Defendants' interactive website

falsely advertises that the infringed balusters images from the ©RC 2003 Catalog, which are intentionally and impermissibly copied into in the infringing Derivative Work, originate from Defendants, as opposed to the true origin, being Royal Corinthian.  This false designation of origin garners underserved good faith from consumers for Defendants, due to the helpful and clear nature of the copyrighted balusters images.

36.    Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Royal Corinthian, and as to the origin, sponsorship or approval of Defendants and its goods and services.

37.    Defendants' actions are willful and deliberate, as Defendants continue to intentionally infringe and falsely designate the origin of Royal Corinthian's copyrighted materials, even after being advised of their infringement and false designation of origin by Royal Corinthian. Defendants' wrongful acts will continue unless enjoined by this Court.

38.    Royal Corinthian has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendants' infringement and false designation the origin of its copyrighted materials, in an amount to be determined at trial.

39.    The intentional nature of the above described acts renders this an exceptional case under 15 U.S.C. § 1117(a).

<u>**COUNT III**</u>
**Against Defendants Royal Foam US, LLC, Green Wall Construction, LLC, and the individual Valentyn Kulbaka**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(18 U.S.C. §501 et seq., including 17 U.S.C. § 106)**

40.    Royal Corinthian incorporates all prior allegations as set forth in Paragraphs 1 through 24 to show Defendants' contributory copyright infringement of registered U.S. copyrights under 17 U.S.C. § 501 *et seq.*, including 17 U.S.C. § 106.

15

41.     Royal Corinthian is the owner of the valid U.S. Copyright Reg. Nos. VA0001924546 and VA0001924546, which constitute the copyrights for the ©RC 2003 Catalog, which is Royal Corinthian's original work.

42.     Royal Corinthian, or the dissolved entity Royal Corinthian, Inc., has never permitted the use or copying of the whole, copyrighted ©RC 2003 Catalog, or any portion of the copyrighted ©RC 2003 Catalog, by any of the Defendants.

43.     Defendants knowingly, willfully and impermissibly infringed Royal Corinthian's copyrights when Defendants copied the original, publically available, digital graphic images of the Royal Corinthian balusters shown in the ©RC 2003 Catalog by individually selecting and "copying and pasting" these images into Defendants' infringing Derivative Work.

44.     Defendants knowingly, willfully and impermissibly caused, induced and encouraged infringement of in the ©RC 2003 Catalog through the distribution of marketing materials, which presumably include the Derivative Work, by Defendants' national network of Resellers to prospective customers.

45.     Defendants encourage and request the distribution of its marketing materials to prospective customers, which presumably include the Derivative Work, by Defendants' national network of Resellers; therefore, inducing direct infringement of the copyrighted ©RC 2003 Catalog.

46.     Defendants' actions are willful and deliberate, as Defendants continue to intentionally encourage, induce and enable the direct infringement of Royal Corinthian's copyrights, even after being advised of their infringement by Royal Corinthian.  Defendants' wrongful acts will continue unless enjoined by this Court.

47.     Royal Corinthian has suffered, and will continue to suffer, substantial and irreparable

16

harm and damage as a result of Defendants' contributory infringement of its copyrights, in an amount to be determined at trial.

48.     Due to Defendants' knowing and intentional contributory infringement of Royal Corinthian's copyrights, Defendants are liable for monetary damages under 17 U.S.C. § 504.

### COUNT IV
**Against Defendants Royal Foam US, LLC, Green Wall Construction, LLC, and the individual Valentyn Kulbaka**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**(19 U.S.C. §501 et seq., including 17 U.S.C. § 106)**

49.     Royal Corinthian incorporates all prior allegations as set forth in Paragraphs 1 through 24 to show Defendants' vicarious copyright infringement of registered U.S. copyrights under 17 U.S.C. § 501 *et seq.*, including 17 U.S.C. § 106.

50.     Royal Corinthian is the owner of the valid U.S. Copyright Reg. Nos. VA0001924546 and VA0001924546, which constitute the copyrights for the ©RC 2003 Catalog, which is Royal Corinthian's original work.

51.     Royal Corinthian, or the dissolved entity Royal Corinthian, Inc., has never permitted the use or copying of the whole, copyrighted ©RC 2003 Catalog, or any portion of the copyrighted ©RC 2003 Catalog, by any of the Defendants.

52.     Defendants knowingly, willfully and impermissibly infringed Royal Corinthian's copyrights when Defendants copied the original, publically available, digital graphic images of the Royal Corinthian balusters shown in the ©RC 2003 Catalog by individually selecting and "copying and pasting" these images into Defendants' infringing Derivative Work.

53.     Defendants knowingly, willfully and impermissibly caused and encouraged

direct infringement of in the ©RC 2003 Catalog through the distribution of marketing materials to prospective customers, which presumably include the Derivative Work, by Defendants' national network of Resellers to prospective customers.

54. Defendants encourage and request the distribution of its marketing materials, which presumably include the Derivative Work, by Defendants' national network of Resellers, and Defendants do not exercise their right to stop or limit this distribution, despite being the creator and proprietor of the infringing Derivative Work, and knowing that the Derivative Work directly infringes the ©RC 2003 Catalog.

55. Defendants have, and continue to, profit from the distribution of its marketing materials to prospective customers, which presumably include the Derivative Work, which constitutes direct infringement of the copyrighted ©RC 2003 Catalog by Defendants' national network of Resellers.

56. Defendants' actions are willful and deliberate, as Defendants continue to intentionally encourage and enable the direct infringement of Royal Corinthian's copyrights, even after being advised of their infringement by Royal Corinthian. Defendants' wrongful acts will continue unless enjoined by this Court.

57. Royal Corinthian has suffered, and will continue to suffer, substantial and irreparable harm and damage as a result of Defendants' vicarious infringement of its copyrights, in an amount to be determined at trial.

58. Due to Defendants' knowing and intentional vicarious infringement of Royal Corinthian's copyrights, Defendants are liable for monetary damages under 17 U.S.C. § 504.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

A. That the Court order that Defendants, their officers, agents, directors, servants,

employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from:

(1)    directly, vicariously or contributorily infringing Plaintiff's copyrights as described above, in any manner including generally, but not limited to, copying, distributing, advertising, selling, and/or offering for sale any merchandise or information that directly, vicariously or contributorily infringes Plaintiff's copyrights including without limitation Defendants' use the infringing Derivative Work, and specifically distributing, advertising, selling, and/or offering for sale unauthorized copies of any other unauthorized goods or advertisements that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of Plaintiff's copyright rights confusingly similar thereto;

(2)    using Plaintiff's copyrights in connections with Defendants' architectural advertisements, goods and services, including, but not limited to balusters;

(3)    advertising (over the Internet, through catalogs, or otherwise), selling, importing, exporting, using, accepting orders for or offering to sell products or advertisements that misappropriate, Plaintiff's copyrights;

(4)    engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers and/or members of the public to believe that, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(5)    causing further confusion with and injury to Plaintiff's reputation, business or its copyrights, including Plaintiff's copyrighted ©RC 2003 Catalog;

(6)    otherwise competing unfairly with Plaintiff in any manner; and

19

(7)     directly, vicariously or contributorily infringing Plaintiff's copyrights and thereby damaging Plaintiff's goodwill, reputation, and business.

B.     That Plaintiff be awarded damages in an amount sufficient to compensate it for the injuries it has sustained by reason of Defendants' unlawful acts, including Plaintiff's loss of goodwill, loss of past and/or future sales, and damages caused by Defendants' direct, vicarious or contributory copyright infringement and false designation of origin, including, based upon the intentional and willful nature of Defendants' conduct of the kind complained of herein, an award of all profits received by Defendants from the sale of products identified or advertised through the use of Plaintiff's copyrights.

C.     That the Court issue an order requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' willful direct, vicarious or contributory infringement of Plaintiff's copyrights and false designation of origin, and to account for all gains, profits, and advantages derived by Defendants' direct, vicarious or contributory copyright infringement and false designation of origin, and that the award to Plaintiff be any applicable statutory or compensatory damages permissible under 17 U.S.C. § 504, any applicable treble damages or statutory damages as provided for under 15 U.S.C. § 1117, and any applicable punitive damages, due to Defendants' willful infringement.

D.     That the Court issue an order that Plaintiff recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 505 and 15 U.S.C. § 1117.

E.     That Defendants be ordered to deliver up for destruction all advertisements,

circulars, brochures, online webpages, and any other items in its possession, custody or control, as well as any infringing items in the possession, custody or control of Defendants' resellers and distributors, bearing Plaintiff's copyrights or any other similar designations.

      F.     That Defendants be ordered to (a) prepare and send to their customers and the general public corrective statements approved by Plaintiff, correcting any false statements made and all misrepresentations made concerning Plaintiff's copyrights; (b) to disclaim any association between Defendants and Plaintiff and/or Plaintiff's products; and, (c) to recall and make reasonable efforts to obtain the return of any infringing or confusingly similar material to Plaintiff's copyrights from Defendants' customers.

      G.     That judgment be entered in favor of Plaintiff and against Defendants on each claim made in the Complaint.

      H.     That the Court provide Plaintiff with such other and further relief as it deems just and proper, or that Plaintiff may be entitled to under the law.

## JURY DEMAND

      Plaintiff demands a trial by jury on all issues presented in this Complaint.

DATE: September 18, 2019           Respectfully submitted,

                         s/Michael P. Mazza/
                         Michael P. Mazza, Ill. Bar No. 6201609
                         Paul R. Hale, Ill. Bar No. 6320732
                         MICHAEL P. MAZZA, LLC
                         686 Crescent Blvd.
                         Glen Ellyn, IL 60137
                         Phone: 630-858-5071
                         Fax: 630-282-7123
                         Email: mazza@mazzallc.com
                                 paul@mazzall.com

                         **Attorneys for Plaintiff Seven Oaks Millwork, Inc. (dba Royal Corinthian)**