UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEVEN OAKS MILLWORK Inc. (d/b/a ROYAL CORINTHIAN), <br><br> Plaintiff, <br><br> v. <br><br> ROYAL FOAM US, LLC, GREEN WALL CONSTRUCTION, and VALENTYN KULBAKA <br><br> Defendants. | 19 C 6234 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants Royal Foam US, LLC ("Royal Foam"), Green Wall Construction ("Green Wall"), and Valentyn Kulbaka's ("Kulbaka") (collectively, "Defendants") motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the following reasons, the Court will grant the 12(b)(2) motion and deny as moot the 12(b)(6) motion.

## BACKGROUND

For this order, the Court accepts as true the following facts from the complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in the Plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff Seven Oaks Millwork, Inc. (d/b/a Royal Corinthian) ("Plaintiff") is an Illinois corporation with its principal place of business at 603 Fenton Lane, West Chicago, Illinois. Plaintiff sells columns, rails, newel posts, finishings, and balustrades. Defendant Royal Foam is a Florida limited liability company with its principal place of business in Jacksonville, Florida, and is in the business of selling balustrades. Defendant Green Wall is a Florida limited liability company. Green Wall is the exclusive distributor for Royal Foam products and services. Defendant Kulbaka is an individual domiciled in Florida who manages and controls Defendants Royal Foam and Green Wall.

Plaintiff is the owner of the valid U.S. Copyright Reg. No. VA0001924546, titled Royal Corinthian Inc. 2003 Products Catalogue (the "Catalogue"). The Catalogue consists of the following: (1) original, digital graphic images depicting Plaintiff's products alongside corresponding product specifications and architectural drawings showing dimensions – specifically for Plaintiff's columns, rails, newel posts, finishings, and balustrades, including the balusters; (2) original, explanatory text regarding Plaintiff's products; and (3) original images of Plaintiff's products being used in the marketplace. The Catalogue is an advertisement brochure that has been publicly distributed in print and is publicly available on Plaintiff's website.

In June 2019, Plaintiff discovered that Defendants copied some of the original, digital graphic images of its balusters from the Catalogue. Defendants allegedly

selected, copied, and pasted these images into a derivative work, titled "Balustrade Residential" ("infringing work"), which is an advertisement showing various designs of Defendants' balusters. Some images of Defendants' balusters that appear in the infringing work are exact copies of photographs of Plaintiff's balusters that appear in the Catalogue. Defendants' infringing work does not reference or acknowledge any copyright. A copy of the infringing work is also posted on the Defendants' website.

Based on these facts, Plaintiff filed its complaint on September 18, 2019, alleging claims for direct, contributory, and vicarious Copyright Infringement under 17 U.S.C. §§ 501 *et seq.*, including 17 U.S.C. § 106, and False Designation of Origin under 15 U.S.C. § 1125(a). On October 15, 2019, Defendants moved to dismiss Plaintiff's complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## **LEGAL STANDARD**

Rule 12(b)(2) allows a court to dismiss a claim for lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). A complaint need not include facts alleging personal jurisdiction. But once the defendant moves to dismiss the complaint under this Rule, the plaintiff must demonstrate that personal jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). If the court rules on the motion without a hearing, the plaintiff need only establish a "*prima facie* case of personal jurisdiction." *Id.* (*quoting Hyatt Int'l Corp. v. Coco*, 302 F.3d

707, 713 (7th Cir. 2002)). The court reads the entire complaint liberally and draws every inference in the plaintiff's favor. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (*quoting Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1993)) (internal quotation marks omitted). The court may also consider affidavits from both parties when determining whether a plaintiff has met its burden. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). When the defendant challenges, by declaration, a fact alleged in the plaintiff's complaint, the plaintiff has an obligation to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Found.*, 338 F.3d at 783. While affidavits trump the pleadings in this context, all facts disputed in the affidavits will be resolved in the plaintiff's favor. *See id.* at 782. Unrefuted facts in defendant's affidavits, however, will be taken as true. *GCIU-Employer Ret. Fund*, 565 F.3d 1018, 1023 (7th Cir. 2009).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4

A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants urge the Court to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. The Court addresses each motion in turn.

### I. Personal Jurisdiction

A federal court sitting in Illinois may exercise jurisdiction over a defendant only if authorized to do so by both Illinois law and the United States Constitution. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). Illinois law permits a court to exercise personal jurisdiction over a non-resident using its long-arm statute. *Labtest Int'l v. Ctr. Testing Int'l Corp.*, 766 F. Supp. 2d 854, 858 (N.D. Ill. 2011) (*citing* 735 ILCS §5/2-209). That statute requires nothing more than the standard for federal due process: that

the defendant has sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Therefore, there is "no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (2003).

Two types of personal jurisdiction exist: general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). General jurisdiction exists when the party's contacts with the forum state "are so constant and pervasive as to render [it] essentially at home" there. *Id.* Specific jurisdiction grows out of "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Defendants argue that Plaintiff failed to allege the contacts necessary to justify the exercise of specific or general jurisdiction.[1] They contend that specific jurisdiction is improper because they did not purposefully avail themselves of the privilege of conducting business in Illinois, and Plaintiff's injury does not arise out of any contacts Defendants had with Illinois. The Court addresses each argument in turn.

---

[1] Plaintiff failed to respond to Defendants' general jurisdiction argument. Plaintiff has therefore waived this argument. *United States v. Holm*, 326 F.3d 872 (7th Cir. 2003) ("It is not the obligation of this court to research and construct the legal arguments open to parties," and "perfunctory and undeveloped arguments" are waived.); *Rose v. United States*, 929 F. Supp. 305, 309 (N.D. Ill. 1996) (stating that "the paucity of argument on this issue in her response brief essentially waives the claim") (*citing Bakalis v. Golembeski*, 35 F.3d 318, 326 n. 8 (7th Cir. 1994)).

Specific jurisdiction requires that "(1) the defendant [ ] purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. Nor is it enough that a "[defendant's] conduct affected plaintiffs with connections to the forum State." *Walden*, 571 U.S. at 291; *see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 802 (7th Cir. 2014) (no jurisdiction solely because defendant knew plaintiff could suffer harm in the forum state). Instead, the defendant's relationship with the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Advanced Tactical*, 751 F.3d at 802 (emphasis in original) (internal citations omitted). Thus, "the plaintiff cannot be the only link between the defendant and the forum." *Id*. And a defendant's contacts with the forum state must not be fortuitous. *Hyatt Int'l Corp.*, 302 F.3d at 715–16. Rather, a defendant must have purposely established those contacts so it could "reasonably anticipate being hauled into court" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Plaintiff alleges that Defendants availed themselves of this forum in three ways: (1) maintaining a nationally accessible, interactive website; (2) using targeted search-engine advertisements geared towards Illinois residents; and (3) selling products to customers from Illinois.

First, Plaintiff alleges that Defendants, through their website, target Illinois residents by inviting them to purchase products and view images that are the subject of this dispute. The website also provides users with customer service, order tracking services, and updates on products and developments; invites users to follow the Defendants on Facebook; and allows users to participate in prize contests after buying a product. Plaintiff also alleges that Defendants use the website to recruit resellers for its products at wholesale prices, some of whom have sold products in Illinois.

In cases involving Internet contacts, the Seventh Circuit applies the traditional due process inquiry. *Advanced Tactical*, 751 F.3d at 802. That inquiry asks whether the defendant "purposefully exploited the [forum state's] market beyond simply operating an interactive website accessible in the forum state and sending emails to people who may happen to live there." *Id.* (*citing be2 LLC*, 642 F.3d at 558–59). Defendants have not done so here. Operating an interactive website does not show that the defendant has formed a contact with the forum state for purposes of personal jurisdiction. *Advanced Tactical*, 751 F.3d at 802. "And, without the defendant's

creating a sufficient connection (or 'minimum contacts') with the forum state itself, personal jurisdiction is not proper." *Id.*

Second, Plaintiff alleges that Defendants use geographically restricted search-engine advertisements to target Illinois customers. Targeted advertising may qualify as a deliberate action by a defendant to direct itself to the forum state. *Advanced Tactical*, 751 F.3d at 803. But jurisdiction cannot be based on a contact that did not exist when Plaintiff sued. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 707 (7th Cir. 2019). Plaintiff's targeted advertisement allegation rests on a web-search executed using Google's Search Engine *after* they sued.[2] Plaintiff filed its complaint on September 18, 2019, while the searches were performed on October 17, 24, and November 3, 2019. Such a search is not enough; it is not evidence of Defendants' contacts with Illinois *before* the lawsuit was filed. Further, Plaintiff executed these searches *after* Defendants filed the underlying motion, and such attempts to manufacture jurisdiction after-the-fact "flout the due process limitations on personal jurisdiction." *Matlin*, 921 F.3d at 707 ("[W]e cannot allow plaintiffs to base jurisdiction on a contact that did not exist at

---

[2] On October 17, 2019, Plaintiff's president ran a search for "concrete balusters" and "foam balusters" while located in Chicago. The results yielded a "high hit ranking advertisement" for Defendants' website. 1:19-cv-6234, Dkt No. 17, Ex. 2 at ¶ 6. On October 24, 2019, Plaintiff's attorney requested that an associate perform a similar search while located near Los Angeles, California, which yielded no results for Defendants' website. 1:19-cv-6234, Dkt No. 17, Ex. 6 at ¶ 3. On November 3, 2019, Plaintiff's attorney performed another search for the term "foam balusters" while in Chicago, which yielded a high "hit" ranking advertisement for Defendants' website. *Id.* at ¶ 4. From this, Plaintiff deduces that Defendants used targeted advertisements in Illinois but not California.

the time they filed suit. . . . [Such] tactics flout the due process limitation on personal jurisdictions.").

Third, Plaintiff alleges that Defendants sold to Illinois customers at least one of the products corresponding with the accused images and shipped another product to Illinois in June 2019. But this allegation does not suffice. A single sale in a forum does not justify the exercise of specific jurisdiction over a defendant, even when the defendant "knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states." *Matlin*, 921 F.3d at 706.

Plaintiff attempts to salvage this argument by requesting that the Court permit jurisdictional discovery into the number of sales Defendants had in Illinois. Plaintiff argues there is a significant chance that more sales took place in Illinois given that Defendants are a direct competitor, one sale already happened in Illinois, and a Google search suggests Defendants targeted Illinois. The Seventh Circuit has held that "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). But Plaintiff has not done so here. The parties' relationship to one another is irrelevant to the jurisdictional calculation, the Court has already declined to base jurisdiction on Plaintiff's after-the-fact Google search, and a single sale coupled with photos of a

product in Illinois is not enough to support jurisdictional discovery. Jurisdictional discovery, therefore, is not warranted.

Finally, Plaintiff's alleged injury does not arise out of any contacts Defendants had with Illinois. Specific jurisdiction must rest on the litigation-specific conduct of the defendant in the proposed forum state. *Advanced Tactical*, 751 F.3d at 801. Plaintiff's complaint alleges claims for direct, vicarious, and contributory Copyright Infringement and False Designation of Origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). The injury alleged arises from Defendants' copying digital graphic images of Plaintiff's balusters from the Catalogue. Plaintiff does not allege that the infringement took place in Illinois or even that Illinois is where Defendants maintain the website containing the infringing images. Plaintiff's injury, therefore, does not arise out of any sale Defendants made or other actions they took in Illinois. Accordingly, the injury does not arise out of Defendants' contacts with Illinois.

Therefore, the Court finds that personal jurisdiction is lacking over the Defendants. Plaintiff's complaint fails to allege that Defendants purposefully availed themselves to the privilege of doing business in Illinois, or that the injury arises out of any actions Defendants took in Illinois.

## II. Failure to State a Claim

Because personal jurisdiction is lacking over Defendants, the Court declines to address the merits of the motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6). Accordingly, we deny this motion as moot.

## **CONCLUSION**

For the reasons mentioned above, the Court grants the Defendants' motion to dismiss under Rule 12(b)(2), denies Plaintiff's motion for jurisdictional discovery, and denies Defendants' motion to dismiss under Rule 12(b)(6) as moot. Plaintiff is allowed thirty days to file an amended complaint curing the jurisdictional defects. Failure to do so will result in dismissal with prejudice. It is so ordered.

Dated: 12/13/2019

_____
Charles P. Kocoras
United States District Judge